# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ, | Case No. 1:19-cv-00924-LJO-BAM |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | (Doc. No. 2) |
| ARLAN HARRELL, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| Defendant. | (Doc. No. 1) |
| | **THIRTY-DAY DEADLINE** |

Plaintiff Gabriel Martinez[1] ("Plaintiff"), proceeding pro se, initiated this civil action against Arlan Harrell on July 8, 2019. (Doc. No. 1) Concurrent with his complaint, Plaintiff filed an application to proceed in forma pauperis. (Doc. No. 2.)

## I. Application to Proceed in Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

///

---

[1] Also identified in caption as "'i' a 'man.'" (Doc. No. 1 at 1.)

## II. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff alleges as follows:

'i', a "man" claim;
- Arlan did me wrong;
- Arlan is derelict of his duties;
- Arlan is a public servant; i'm the public; he refused to perform his service; he subscribed to; that he swore to; as he agreed to; he's in breach of contract;
- Arlan is my servant and failed to provide a service as my servant; he failed in his duty to perform a function in which he subscribed and said that he would;
- The initial cause of harm began February 25th 2019;
- The wrong and harm continues to this day, July 5th 2019;
- 'i', require compensation for the initial and continual wrong;
- Compensation due eleven-million, fifty nine thousand, two hundred dollars;

(Doc. No. 1 at 1.)

**IV. Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to establish this Court's jurisdiction. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he can do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

**B. Jurisdiction**

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).

Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and

2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).  Here, Plaintiff does not allege that the parties are citizens of different states.  Thus, as currently pled, Plaintiff's complaint does not establish diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.  In this instance, Plaintiff does not allege any violation arising under the Constitution, laws or treaties of the United States.  Thus, as pled, Plaintiff's complaint does not establish federal question jurisdiction.

### C. State Law Claims

Plaintiff appears to assert a state law claim for "breach of contract."  Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although

1 the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a

2 cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a

3 cognizable claim for relief under federal law, the Court declines to exercise supplemental

4 jurisdiction over any purported state law claims and they will not be screened.

5 **V.    Conclusion and Order**

6 Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

7 establish this Court's jurisdiction.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff

8 an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so

9 in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

10 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

11 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

12 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

13 be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at

14 555 (citations omitted).

15 Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

16 claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

17 "buckshot" complaints).

18 Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

19 Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

20 complaint must be "complete in itself without reference to the prior or superseded pleading."

21 Local Rule 220.

22 Based on the foregoing, it is HEREBY ORDERED that:

23 1.    The Clerk's Office shall send Plaintiff a complaint form;

24 2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a

25 first amended complaint curing the deficiencies identified by the Court in this order or file a

26 notice of voluntary dismissal; and

27 ///

28 ///

5

1

2      3.      If Plaintiff fails to file an amended complaint in compliance with this order, the

3  Court will recommend dismissal of this action, with prejudice, for failure to obey a court order

4  and for failure to state a claim.

5

6  IT IS SO ORDERED.

7      Dated:    **July 11, 2019**                    /s/ *Barbara A. McAuliffe*        _

8                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28