# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARLAN HARRELL,<br><br>　　　　Defendant. | Case No. 1:19-cv-00924-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. Nos. 3-6)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.　Background**

Plaintiff Gabriel Martinez[1] ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action. On July 12, 2019, the Court screened Plaintiff's complaint and granted him leave to amend within thirty (30) days. (Doc. No. 3.) Plaintiff was cautioned that if he failed to file an amended complaint in compliance with the Court's order, the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (Id. at 6.) Thirty (30) days have passed and Plaintiff has not filed an amended complaint. Instead, Plaintiff filed three separate "notices." (Doc. Nos. 4, 5, and 6.)

///

---

[1] Also identified in his filings as "'i' a 'man.'" (*See*, *e.g.,* Doc. No. 1 at 1; Doc. No. 4 at 1.)

1

In the first notice filed on August 12, 2019, Plaintiff states as follows:

'i', a "man" declare;
- if a "woman", Barbara wishes to order 'i', a "man" to do something 'i', will gladly perform any order for just and fair compensation;
- you do know you cant order a "man" to do anything without just and fair compensation?
- what don't You understand about my 'claim'?
maybe 'i' didn't wright it simple enough;
- federal courts are courts of record;
- Courts of record proceed under 'common law' in a 'court of record' the majestrate is independant of the tribunal [Blacks Law Dictionary 4th ed.]

(Doc. No. 4 at 1) (unedited text).

In the second notice, also filed on August 12, 2019, Plaintiff states as follows:

'i' a "man" declare;
- 'i', have recieved a letter writen in a language foreign to me 'i', believe it's called legalese;
- 'i', do not speak legalese, Chinese or niponese . . .
- There is no law; that 'i' subscribe to; that can compel me to decipher such incantations; for my case 'claim' lays in a 'court of record' which converses in words found amongst the common parlance;

(Doc. No. 5 at 1) (unedited text).

In the third notice, also filed on August 12, 2019, Plaintiff states as follows:

'i' a "man" declare;
- 'i', filed a 'claim' not a complaint;
  You do know the difference?
- Jurisdiction (federal question) [cf. article 6 clause 3]
- This is not a verses (v.) im not fighting Arlan;
- 'i' am not a plaintiff; 'i' a "man" Prosecutor;
- Arlan is not a defendant; Arlan Harrell wrongdoer;
- 'i', am not bringing controversy into the Court;
- 'i', require a court of record trial by jury;
- a 'common law court of record' is the only court the constitution secures and protects for the people [cf. amendment 7]
- is there some ungodly reason why 'i' can't have what the constitution secures and protects for me?

(Doc. No. 6 at 1) (unedited text).

Based on these "notices," it is evident that Plaintiff does not intend to comply with the Court's order and does not intend to file an amended complaint. Accordingly, the Court will recommend that this action be dismissed for failure to obey a court order and for failure to state a claim.

///

## II. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, although the action has not been pending for a significant length of time, Plaintiff has expressed his disregard of the Court's directive and has evidenced his intention not to file an amended complaint in compliance with the Court's order. The Court cannot hold this case in abeyance indefinitely. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's July 12, 2019 order expressly warned Plaintiff that his failure to comply with the Court's order could result in dismissal of this action. (Doc. No. 3.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Conclusion and Recommendations

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed for failure to obey the Court's July 12, 2019 order and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 15, 2019__  /s/ Barbara A. McAuliffe _
UNITED STATES MAGISTRATE JUDGE

4